Rocco Joseph Rosato v. Commissioner.
Rosato v. Comm'r
Docket No. 4178-66.
United States Tax Court
T.C. Memo 1967-226; 1967 Tax Ct. Memo LEXIS 35; 26 T.C.M. (CCH) 1156; T.C.M. (RIA) 67226; November 9, 1967
*35 Rocco Joseph Rosato, pro se, 51-26 48 St., Woodside, N. Y. Jay S. Hamelburg, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent initially determined a deficiency in petitioner's income tax for the year 1961 in the amount of $180. By an amendment to his answer respondent seeks an increased deficiency of $76, or a total deficiency of $256 for the year 1961. The only issue for decision is whether the petitioner received unreported income of $1,425.40 from racetrack winnings in 1961. Findings of Fact Rocco Joseph Rosato (herein called petitioner) was a legal resident of Woodside, New York, at the time the petition was filed in this proceeding. He filed his Federal income tax return for the year 1961 with the district director of internal revenue, Brooklyn, New York. In 1961 the petitioner worked part of the time. He was employed at Barney's Clothes, Gay Apparel Company and Leon Amsler Company. His wages totaled $987.30. Several times in March, April, May, July and August 1961, petitioner went to the racetracks at Aqueduct and Saratoga. He frequently placed bets, usually in small amounts. He played the daily double occasionally. *36 According to the records of the New York Racing Association, Inc., as reported on Treasury Department Form 1099 (U.S. Information Return for Calendar Year 1961), amounts of money were paid, as follows: Date
To Whom Paid
Amount
April 24, 1961
Rocco Rosato
$636.60
1311 Herkimer Street
Brooklyn, New York
July 6, 1961
Rocco Rosato
788.80
45 Humboldt Street
Brooklyn, New York Each Form 1099 showed Social Security number 062-34-XXXX, which is the number assigned to petitioner. In both instances the amounts were paid on a $2 daily double ticket with an 8 and 3 combination. Petitioner's date of birth is August 3, 1940, as shown on his application for a social security account number. The New York Racing Association treats the ticket as sufficient evidence of ownership. For a ticket that pays over $600, the New York Racing Association requires the holder of the ticket to show the cashier his social security card and some identification of a home address. The cashier then fills in the information on the Form 1099, which is sent to the Internal Revenue Service. Petitioner received from the New York Racing Association the total amount of $1,425.40, *37 which he failed to report as income in his Federal income tax return for the year 1961. Opinion Making the timeless claim that the Commissioner has gone after "the wrong man," petitioner says that he is not the "Rocco Rosato" who was paid $1,425.40 by the New York Racing Association for winning on two daily double tickets - one on April 24, 1961, and the other on July 6, 1961. He therefore asserts that such income was not his. The petitioner has the burden of proving that he did not receive the $1,425.40 from the New York Racing Association. Rule 32, Tax Court Rules of Practice. We think he has failed to carry that burden. For the most part, his testimony was vague, conflicting and unconvincing. Petitioner admitted that he frequented the Aqueduct and Saratoga racetracks in 1961 and that he bet on the races. At one point he denied having ever played a daily double, but later stated that he had played it at least twice - once with his brother and once with a "professional turf analyst" named Felix Risso. He also testified that he had lost his original social security card in either 1961 or 1963, but later displayed the original card issued to him by the Social Security Administration. *38 Petitioner testified that he was a patient at the St. Francis Hospital in the Bronx for three or four days in July 1961. However, he did not say when this occurred in July. Consequently, we are unable to draw an inference that he was not at the race-track on July 6, 1961. Drawing upon our "experience with the mainsprings of human conduct," Commissioner v. Duberstein, 363 U.S. 278, 289, (1960), particularly the vicissitudes often encountered at the daily double window, we believe it is more than a mere coincidence that the 8-3 winning daily double ticket on each occasion corresponds to the petitioner's birthday, August 3 (8th month and 3rd day). In short, the petitioner has not convinced us that he is not the same "Rocco Rosato" who received $636.60 on April 24, 1961, and $788.80 on July 6, 1961, from the New York Racing Association. Accordingly, we sustain the respondent's determination for the full amount ( $256) of the deficiency. Decision will be entered for the respondent.